UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MOSES R. KIRSCHKE,

       Plaintiff,

v.

J. CHANCE et al.,

       Defendants.
_____/

Case No. 1:19-cv-851

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### **I.**     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility, the MDOC Jackson Regional

Business Office, and the Thumb Correctional Facility (TCF) in Lapeer, Lapeer County, Michigan. Plaintiff sues MDOC Accounting Assistants J. Chance, Unknown Party #1, and Unknown Party #2.

Plaintiff alleges that, starting November 2018, Defendants began "deliberately delaying the processing/posting of disbursement debts against Plaintiff's account for legal supplies" to deprive Plaintiff of discretionary funds for at least three months. (*See, e.g.*, Compl., ECF No. 1, PageID.7 ¶ 11, PageID.9 ¶ 17.) Plaintiff further alleges that Defendants sought to deprive Plaintiff of such funds in retaliation for the exercise of his First Amendment rights. (*Id.*, PageID.9 ¶ 17.)

Plaintiff has held work assignments during his imprisonment. He has also carried debt while in custody. Each month from August 2016 to May 2018, MDOC seized all of Plaintiff's compensation from his prison work assignment to pay toward his debts. (*Id.*, PageID.7 ¶ 9.) Starting May or June 2018, MDOC permitted Plaintiff to retain $11 of compensation each month. (*Id.*, PageID.7 ¶ 10.) Soon thereafter, Plaintiff began transferring the $11 he retained each month to the MDOC contractor J-Pay. (*Id.*, PageID.7 ¶ 10.) Plaintiff planned to apply these transferred funds toward the purchase of a JP-5 electronic communications tablet, which J-Pay sells. (*Id.*)

During his custody, Plaintiff has initiated several federal civil cases and administrative grievances. (*See, e.g.*, ECF No. 1-2, PageID.19, PageID.41.) Connected to these, Plaintiff has incurred various expenses including filing fees, copying charges, supply costs, and postage. Plaintiff alleges that when Defendants discovered his transfers to J-Pay, Defendants began deliberately posting all his legal expenses for the month the same day as his work assignment compensation posted. (Compl., ECF No. 1, PageID.7 ¶ 11.) As a result, Plaintiff's compensation would apply toward his legal expenses rather than remain available to him, thus frustrating his

transfers to J-Pay. Plaintiff alleges that, as a result of Defendants' scheme, he was deprived of his work assignment compensation in November 2018 as well as February and March 2019. (*Id.*, PageID.9 ¶ 17.)

Plaintiff seeks compensatory and punitive damages as well as all costs of litigation in this matter.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that Defendants violated prison policy in posting his prison debts. He argues they did so in retaliation for the exercise of his First Amendment rights. Plaintiff's statement may also be construed as a claim under the Fourteenth Amendment for deprivation of property without due process of law.

### A. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

4

Plaintiff does not specify the protected conduct that prompted the alleged retaliation. His complaint implies that his transfer of funds to purchase a JP-5 tablet prompted the retaliation. But the Sixth Circuit has never recognized protections from retaliation for such conduct. To be sure, filing civil rights lawsuits and lodging grievances are protected conduct. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002) (protecting civil rights lawsuits); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (protecting prison grievances). Although Plaintiff makes no express claim that Plaintiff's prior filing of lawsuits and lodging of grievances were the protected conduct at issue, the Court will assume without deciding that it could meet the first prong of a retaliation claim. S*ee Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (advising courts to read *pro se* pleadings liberally).

Plaintiff nevertheless fails to state a retaliation claim. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening).

Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Defendants took adverse action against him because of his lawsuits and grievances. Thus, Plaintiff fails to state a retaliation claim against Defendants. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff's retaliation claim will be dismissed.

### B. Deprivation

Plaintiff alleges that Defendants delayed posting of prison debts to his account in violation of MDOC Policy Directive 04.02.120. Insofar as Plaintiff alleges a violation of the policy, this claim is not cognizable as a § 1983 claim. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Thus, Plaintiff fails to state a claim for Defendants allegedly violating prison policy.

Moreover, to the extent that Plaintiff's complaint can be construed as a due process claim, it is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the

state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480.

Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Thus,

Plaintiff has failed to state a claim for violation of due process. Accordingly, Plaintiff's claim that he was deprived of property without due process will be dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   November 1, 2019                               /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge